1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11  SHANNON SORRELLS,                    )   Case No.: 1:16-cv-00081-DAD-SAB (PC)
                                         )
12                    Plaintiff,         )
                                         )   **ORDER DISMISSING COMPLAINT, WITH**
13         v.                            )   **LEAVE TO AMEND, FOR FAILURE TO STATE**
                                         )   **A COGNIZABLE CLAIM**
14  UNITED STATES MARSHALS SERVICE,      )
    et al.,                              )   [ECF No. 1]
15                    Defendants.        )
                                         )
16  _____ )

17         Plaintiff Shannon Sorrells is appearing pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.

19         This matter was therefore referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

20  636(1)(B) and Local Rule 302.

21         Currently before the Court is Plaintiff's complaint, filed January 20, 2016.

22                                         **I.**

23                              **SCREENING REQUIREMENT**

24         The Court is required to screen complaints brought by persons proceeding in pro per.   28

25  U.S.C. § 1915A(a).   Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is

26  frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

27  against a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

28  1915(e)(2)(B)(ii).

                                          1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is a pretrial detainee housed at the Fresno County Jail. Plaintiff names the United States Marshals Service, Chorizon Healthcare, Dr. Rounds, Dr. Eldridge, Dr. Newhill, Dulces Gonzales, and Margaret Mims as Defendants. Plaintiff makes the following allegations:

**Claim One**

Plaintiff contends he was denied his seizure medication after he suffered a seizure and was evaluated at the Community Medical Center. The medications that were prescribed for Plaintiff's seizures were declared "non-formulary" and he was prescribed other medications that made Plaintiff's condition worse. Plaintiff suffered additional seizures, high blood pressure, and severe pain. After a period of a month of "experimentation with other formulary medications" that are cheaper for Chroizon, Plaintiff was finally given gabapentin, at a lower dose than was previously prescribed.

2

Plaintiff also suffers severe back problems from an injury sustained as a piano mover for which Plaintiff was previously prescribed pain medication.  Plaintiff also suffers from liver disease and Hepatitis C, and he cannot be prescribed Tylenol or other forms of Acetaminophen.  Plaintiff is allowed to take Oxycodone as this medication was approved by a liver specialist.  Doctors Rounds, Newhill, physician assistant Horton, the United States Marshals service and a magistrate judge disregarded the medication and the prescription expired.

Dulces Gonzales wrote a rules violation for Plaintiff complaining about his shortness of breath from severe pain.  Physician assistant Horton finally prescribed Tylenol No. 3 with codeine in the evenings.  X-rays were conducted and reviewed on July 7, 2015, by Dr. Eldrige who informed Plaintiff he would provide Tylenol No. 4 in the mornings and evenings.  However, Plaintiff never received the medication.

Plaintiff's seizure medication was cancelled, and after four days without medication, Plaintiff was injured while having a seizure and suffered scrapes and swelling on his face.  Dr. Anderson ordered Plaintiff Tylenol No. 4 for pain.  The medications were provided for two weeks and then stopped again.  For three months, Plaintiff suffered and in September 2015, he was transferred to the North jail on a lower bunk.  Plaintiff was later moved to an upper bunk.

Officer Pizano assisted Plaintiff is being evaluated by Dr. Rounds who indicated that Plaintiff was in need of medication.  On October 12, 2015, Plaintiff was ordered valium as a muscle relaxer and Tylenol No. 4 in the pm.

During trial, Dr. Rounds changed Plaintiff's prescribed to a lower dosage of Valium and Tylenol No. 4 without evaluating Plaintiff.  After trial, the entire prescription was cancelled.

A registered nurse looked into the situation and was able to reinstate the Valium and Tylenol No. 4.  Plaintiff's seizure medications expired for thirty days, and restarted on December 27, 2015. Plaintiff was advised by nursing staff that Dr. Newhill discounted Plaintiff's seizure medication.

Plaintiff has been without his medication for ninety days.

**<u>Claim Two</u>**

On March 11, 2015, Plaintiff was wrongfully and illegally detained for a pretrial release violation.  Plaintiff admitted to providing a urine sample to the pretrial officer that contained

3

Methamphetamine which to most people is illegal.  However, Plaintiff is prescribed desoxyn, generically known as Methamphetamine HCL.  Plaintiff admitted to giving that urine sample and his lawyer stated on the transcripts that he received a fax from the pharmacy that stated Plaintiff is legally entitled to have it in his system.

Michael Aed, the court appointed attorney for Plaintiff's criminal case ignored Plaintiff. Plaintiff's Sixth Amendment right to counsel was violated by appointed counsel.  Counsel was later dismissed after refusing to file a motion that would have suppressed all the evidence in this criminal case.  Plaintiff contends that had all the evidence been suppressed, he would have been released from pre-trial custody.

**<u>Claim Three</u>**

On April 21, 2015, Plaintiff was moved to the annex jail, in a 12 person dormitory cell.  There was no heating or cooling and temperatures reached over 105 degrees at times.  The medications that Plaintiff was taking are considered "hot meds" and ice was only offered one time.  Plaintiff suffered from dizziness and heat exhaustion.  Medical requests went unanswered for over three and a half months as well as the grievance that was sustained.  However, nothing was done to remedy the conditions within the cell.  Plaintiff was constantly in sick and in pain.  Sergeant Moreno, and Margaret Mims (ultimately) were responsible for conditions within the jail.

**<u>Claim Four</u>**

Plaintiff applied several times for law library access and was denied by Michelle Lefors because he was not pro per in his underlying criminal case, number 1:14-cr-00140-LJO-BAM. Plaintiff's ability to present his defense was hindered and assisted the government in a conviction. Had Plaintiff been allowed access to the law library, Plaintiff would have understood the options and procedures available to him.

Plaintiff is being denied his due process rights by having to write with a short dull pencil and denied ability to print case law, and he must rely on handwriting all of the statutes in a two hour period, five days per week.  The law library does not provide legal envelopes, and the officers delay in providing them causing late motions to be filed and not hearing in his underlying criminal case.

4

# III.

## DISCUSSION

### A.     Linkage

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-394 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### B.     Supervisory Liability

Plaintiff names Fresno County Sheriff Margaret Mims as a defendant in this action.

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, at 1948-49.  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Sheriff Mims.  The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

### C.    United States Marshal as Defendant

Plaintiff cannot bring a section 1983 claim against the federal government or its agencies for monetary relief.  FDIC v. Meyer, 510 U.S. 471, 486 (1994); Thomas-Lazear v. FBI, 851 F.2d 1202, 1207 (9th Cir. 1988).   As an agency of the United States, the United States Marshals Service, is entitled to sovereign immunity.  Delgado v. Detention Center, 839 F.Supp. 345, 346 (E.D. Pa. 1993); see also Komongnan v. U.S. Marshals Service, 471 F.Supp.2d 1, 4 (D.D.C. 2006) (dismissing action against United States Marshals Service in a Bivens action because, as an agency of the United States, the United States Marshals are immune from suit).  Accordingly, all claims against the United States Marshal for section 1983 must be dismissed.

### D.    Medical Treatment

"Claims by pretrial detainees [such as Plaintiff here] are analyzed under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment [, which applies to prisoners in custody pursuant to a judgment of conviction]."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Where a plaintiff alleges inadequate medical care, however, "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, [so] we apply the same standards."  Id.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective

recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).  Further, mere negligence or medical malpractice does not support a constitutional violation.  Broughton v. Cutter Lab, 622 F.2d 458, 460 (9th Cir. 1980).

Plaintiff's vague and conclusory allegations relating to the denial of pain and seizure medications fails to give rise to a claim of "deliberate indifference."  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient.)  First, Plaintiff's allegations center mainly around the alleged denial of adequate pain medication, and not seizure medication.  To this end, the inmate grievance response, dated September 17, 2015, specifically noted that Plaintiff's "pain medication was not intended for long term use and has now expired.  The inmate continues to receive all [other] medications as directed."  (ECF No. 7 at 44.)[1]  The exhibits submitted in support of Plaintiff's claim belie his claim that he was denied appropriate medical treatment and corresponding medication.  In response to one of many of Plaintiff's grievances, it was determined that during a visit to Chorizon Health, Plaintiff arrived via wheelchair and medical staff were under the impression that Plaintiff was there to get treatment for trouble breathing.  However, Plaintiff told medical staff that he did not need breathing treatment, but he was in pain and wanted medication for it.  It was determined that was a "direct

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

contradiction to what inmate Sorrells told officers on Annex Jail Second Floor." (ECF No. 7 at 52.)
Medical staff took Plaintiff's vital signs which were good and check his oxygen saturation which was
at 100%. As a result of Plaintiff's conduct, he was issued a rules violation report for falsifying a
medical emergency. (Id. at 54-55.)

In response to Plaintiff's April 18, 2015, grievance, it was noted that Plaintiff was evaluated by
medical staff on multiple dates, including the following:

1. 3/5/15 for acid reflux and seizure medication (Dilantin)
2. 3/6/15 for seizure medication/update (Keppra)
3. 3/18/15 for seizure medication/update (Tegretal)
4. 4/1/15 for your eyesight (seeing spots), but you checkout okay
5. 4/6/15 for referral to mental health by Dr. Newell and placed on gabapentin (chronic back pain), low salt
6. 4/8/15 for elevated blood pressure, but you checked out okay.

(ECF No. 7 at 63.)

The fact that Plaintiff disagrees with certain seizure medication that was provided to him does
not give rise to a claim for deliberate indifference, and the fact that monetary concerns were a factor
does not alone give rise to constitutional violation. The response to Plaintiff's inmate grievances dated
August 1, 2015 and August 11, 2015, specifically states that Plaintiff "is currently receiving
medication indicated for epilepsy and nerve pain." (ECF No. 7 at 48.)

In addition, the exhibits attached to Plaintiff's complaint demonstrate that Plaintiff received
ongoing care and treatment for his conditions. Indeed, in response to Plaintiff's grievance dated
December 4, 2015, it was noted that on October 23, 2015 "P. Alexander FNP ordered Gabapentin
600mg po bid for 90 days to stop on 1/18/16, and although there was an error in entering the order in
the compute it was corrected." (ECF No. 7 at 74.) In addition, the lapse in Plaintiff's gabapentin
medication was noted by prison staff and rectified as soon as it was brought to their attention. (ECF
No. 7 at 91, 98.) Although Plaintiff claims that he had seizure(s) because of the lapse in medication,
he fails to present factual support to set for a causal connection between the denial of such medication
and resulting injury, such as the dates of the alleged seizures and corresponding lapse of medication.
While the short lapses in Plaintiff's medication are unfortunate, there is no showing that any individual
was deliberately indifferent to Plaintiff's medical need once he/she became aware of the problem.

Without such factual allegations, Plaintiff does not state a claim for deliberate indifference.  It cannot be said that any prison official was deliberately indifferent when the errors were noted and rectified in a timely manner.  Furthermore, any errors in the recommended treatment and/or medical determinations, do not amount to a claim of deliberate indifferent.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (an Eighth Amendment claim may not be premised on even gross negligence by a physician).  In conclusion, based on the facts as presented in the complaint, Plaintiff fails to state a cognizable claim for deliberate indifference.

### E.      Conditions of Confinement

Under the Due Process Clause, pretrial detainees have a right against jail conditions or restrictions that "amount to punishment." Bell v. Wolfish, 441 U.S. 520, 535-537 (1979); see also Pierce v. Cnty of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (pretrial detainees have a substantive due process right against restrictions that amount to punishment).  This right is violated if restrictions are "imposed for the purpose of punishment." Bell, 441 U.S. at 535.  There is no constitutional infringement, however, if restrictions are "but an incident of some other legitimate government purpose." Id.  In such a circumstance, governmental restrictions are permissible.  United States v. Salerno, 481 U.S. 739, 748 (1987) (holding that the pretrial detention contemplated by the Bail Reform Act is regulatory in nature, and does not constitute punishment before trial in violation of the Due Process Clause).

As previously stated, Plaintiff contends there was no heating or cooling within the twelve person cells and temperatures reached over 105 degrees at times.  Medical requests went unanswered for three months, and Plaintiff was constantly sick and in pain.  Plaintiff submits an inmate grievance as an exhibit to the complaint, in which Plaintiff complains about the conditions within the annex portion of the jail.  (ECF No. 9 at 5.)  The grievance was sustained by officer G. Osburn and it noted that jail maintenance was aware of the problem and was attempting to fix the problem.  To help cool down the pods large portable fans have been supplied to the floor that reduced the heat.  "On a few days of extreme heat ice water jugs were made available to the pods that were affected by the heat." (Id.)  Thus, Plaintiff's complaints were addressed and rectified.  It simply cannot be said that any prison official subjected Plaintiff to punishment by his housing in within the annex jail.  In addition,

Plaintiff's mere allegation that sergeant Moreno and ultimately Sheriff Margaret Mims is responsible for the conditions within the annex portion of jail, is insufficient to demonstrate personal involvement in any alleged violation(s).  Plaintiff sets forth no facts to support his claim regarding the responsibility of the conditions and any knowledge imputed to these individuals to support his claim.  Such circumstances are not consistent with an express punitive intent and in fact demonstrate the contrary.  Accordingly, Plaintiff fails to set forth a cognizable constitutional violation based on the conditions of his confinement within the annex jail.

**E.     Access to the Courts**

The Constitution guarantees prisoners meaningful access to the courts.  Bounds v. Smith, 430 U.S. 817, 822 (1977).  "A prisoner's right of access to the courts include contact visitation with his counsel."  Ching v. Lewis, 895 F.2d 608, 610 (9th Cir. 1990).  This right may be limited if prison officials can show that such limitations are "reasonably related to legitimate penological interests."  Casey v. Lewis, 4 F.3d 1516, 1520 (9th Cir. 1993).  However, a prisoner cannot claim a constitutional violation for lack of access to the courts unless he can show actual injury caused by the denial.  Lewis v. Carey, 518 U.S. 343, 351 (1996).

Plaintiff has failed to present sufficient facts support to show how these incidents actually harmed him or deprived him of meaningful access to the Court.  This is particularly so, given that Plaintiff is represented by counsel in his underlying criminal case.  The fact that Plaintiff claims he was denied adequate representation does not equate to a finding that he was denied meaningful access to the courts.

**F.     Challenge to Pending Criminal Proceedings**

Plaintiff's challenges to his pending criminal proceedings in case number 1:14-cv-00140-LJO-BAM, are not cognizable by way of section 1983.  First, Plaintiff previously filed a petition for writ of habeas corpus in this Court in case number 1:15-cv-00463-SAB (HC), Sorrells v. United States of America, in which Plaintiff was advised that as follows:

> Petitioner could have challenged his detention order before the assigned district judge in his criminal case, and then if the district judge entered a detention order, Petitioner could have appealed that order to the Ninth Circuit.  See 28 U.S.C. § 3145(a), (b), (c).  Instead, Petitioner has filed this writ of habeas corpus, which is an attempt to

circumvent the traditional remedies available to Petitioner.  Therefore, Petitioner had an available remedy in his pending criminal case, but he chose not to avail himself of it.  If the Court allows Petitioner to bring his claims before a different judge in a collateral proceeding, it would be a waste of judicial resources and would encourage judge shopping.  See Fassler, 858 F.2d at 1018.[2]

Therefore, as the Court finds that Petitioner should have pursued available remedies in his pending federal criminal case, but did not do so, the Court finds that a habeas petition is inappropriate in this case.  Thus, the Court denies Petitioner's habeas petition.

(ECF No. 6, Order Denying Petition, at 4, footnote in original.)

Thus, to the extent Plaintiff seeks to challenge the proceedings and rulings in his ongoing criminal case such issues must be raised in those proceedings or on appeal thereafter.  Second, while a challenge to conditions of confinement is properly raised in a civil rights action, a challenge to the fact and/or the duration of confinement must be raised in a petition for writ of habeas corpus.  28 U.S.C. § 2254(a); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citing Preiser v. Rodriguez, 411 U.S. 475, 485(1973)); accord Beardslee v. Woodford, 395 F.3d 1064, 1068-69 (9th Cir. 2005) (per curiam).  Third, Plaintiff cannot bring a section 1983 action where judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction or sentence until such conviction or sentence has been dismissed or overturned.  Heck v. Humphrey, 512 U.S. 477, 486-487.  The reasoning in Heck applies "no matter the relief sought (damages or equitable relief)."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Whitaker v. Garcetti, 486 F.3d 572, 583 (9th Cir. 2007) (Heck's principle applies regardless of the form of remedy sought.").  Accordingly, Plaintiff may not challenge his criminal proceedings in the instant complaint and such claim must be dismissed.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

---

[2] The Court also notes that Petitioner is represented by counsel in his criminal matter, and his counsel may choose to file in the pending criminal matter the same claims that Petitioner raises here should Petitioner's attorney deem them appropriate.

adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ."  Twombly, 550 U.S. at 555 (citations omitted).   In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action.  If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss any claims it finds to be improperly joined.

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.   "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.   Plaintiff's complaint, filed January 20, 2016, is dismissed for failure to state a claim;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///
///

12

1        4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action

2        will be dismissed for failure to state a claim.

3

4  IT IS SO ORDERED.

5  Dated:  __**February 12, 2016**__

6                      UNITED STATES MAGISTRATE JUDGE