1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| SHANNON SORRELLS, | ) Case No.: 1:16-cv-00081-DAD-SAB (PC) |
| Plaintiff, | ) |
| | ) FINDINGS AND RECOMMENDATION |
| v. | ) RECOMMENDING DENIAL OF PLAINTIFF'S |
| | ) MOTION FOR MEDICAL TREATMENT |
| UNITED STATES MARSHALS SERVICE, et al., | ) [ECF No. 11] |
| Defendants. | ) |
| | ) |

Plaintiff Shannon Sorrells is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motion to receive medical treatment as prescribed by two different physicians, filed February 11, 2016.  (ECF No. 11.)

**I.**

**DISCUSSION**

Plaintiff's motion essential seeks a preliminary injunction directing jail officials to provide medical treatment.  Accordingly, the Court construes Plaintiff's motion as a request for injunctive relief.  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

1

1   favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).  An injunction may

2   only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).

3        Federal courts are courts of limited jurisdiction and in considering a request for preliminary

4   injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it

5   an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian

6   Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court

7   does not have an actual case or controversy before it, it has no power to hear the matter in question.

8   Id.  "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-

9   or-controversy requirement, and the party invoking federal jurisdiction bears the burden of

10  establishing its existence."   Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

11  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison

12  Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,

13  extends no further than necessary to correct the violation of the Federal right, and is the least intrusive

14  means necessary to correct the violation of the Federal right."

15       On February 12, 2016, the Court dismissed Plaintiff's complaint, with leave to amend, for

16  failure to state a cognizable claim for relief.  (ECF No. 12.)  In light of Plaintiff's complaint being

17  dismissed with leave to amend, there is no actual case or controversy before the Court at this time.

18  Therefore, the Court lacks the jurisdiction to issue the orders sought by Plaintiff.  Summers v. Earth

19  Island Inst., 555 U.S. 488, 493 (2009); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1119 (9th Cir. 2009).

20       Even assuming that the Court has jurisdiction to issue Plaintiff's requested relief, he has not

21  met his burden as the moving party.  As stated in the Court's screening order, "[c]laims by pretrial

22  detainees [such as Plaintiff here] are analyzed under the Fourteenth Amendment Due Process Clause,

23  rather than the Eighth Amendment [, which applies to prisoners in custody pursuant to a judgment of

24  conviction]."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Where a plaintiff alleges

25  inadequate medical care, however, "pretrial detainees' rights under the Fourteenth Amendment are

26  comparable to prisoners' rights under the Eighth Amendment, [so] we apply the same standards."  Id.

27       While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

28  care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to

2

an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

In his motion, Plaintiff requests that the Court order the Fresno County jail to provide his Oxycodone for his pain.  Despite Plaintiff's opinions as to what the proper medical treatment is, there is no indication that Plaintiff is in immediate need of the treatment he seeks and is under significant threat of irreparable harm without the medication.  Thus, Plaintiff has not made the showing required to meet his burden as the party moving for preliminary injunctive relief.

## II.

## RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for an order to receive medical treatment must be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may

///

///

///

3

1  result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014)

2  (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

3

4  IT IS SO ORDERED.

5  Dated:   **February 12, 2016**

6                                                UNITED STATES MAGISTRATE JUDGE

4