UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SORRELLS,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES MARSHALS SERVICE, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-00081-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S EX PARTE MOTION FOR INJUNCTIVE RELIEF<br><br>[ECF No. 21] |

Plaintiff Shannon Sorrells is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States magistrate judge jurisdiction, and this matter was therefore referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On May 23, 2016, Plaintiff filed an ex parte motion requesting the court issue an order directing jail officials to provide Plaintiff with medical treatment. The Court construes Plaintiff's motion as a request for a preliminary injunction.

**I.**

**DISCUSSION**

A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

On July 15, 2016, the Court found that Plaintiff's first amended complaint stated a cognizable claim for deliberate indifference against Defendants Captain Horton and Melhoff only, and Plaintiff was granted the opportunity to amend the complaint again or proceed against only Captain Horton and Malhoff. (ECF No. 22.) Thus, no Defendant has yet been served with the operative complaint or filed a response, and the Court lacks the jurisdiction to issue the orders sought by Plaintiff. Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1119 (9th Cir. 2009).

Even assuming that the Court has jurisdiction to issue Plaintiff's requested relief, he has not met his burden as the moving party. As stated in the Court's screening order, "[c]laims by pretrial detainees [such as Plaintiff here] are analyzed under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment [, which applies to prisoners in custody pursuant to a judgment of conviction]." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Where a plaintiff alleges

inadequate medical care, however, "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, [so] we apply the same standards." Id.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

In his motion, Plaintiff requests that the Court order the Fresno County jail to provide him medical treatment for his pain. Despite Plaintiff's opinions as to what the proper medical treatment is, there is no indication that Plaintiff is in immediate need of the treatment he seeks and is under significant threat of irreparable harm without the medication. Thus, Plaintiff has not made the showing required to meet his burden as the party moving for preliminary injunctive relief.

## II.

## RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a court order to receive medical treatment must be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the

Court.   The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 18, 2016**

UNITED STATES MAGISTRATE JUDGE