UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SORRELLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES MARSHALS SERVICE, et al.,<br><br>　　　　　Defendants. | No.  1:16-cv-00081-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR COURT ORDERED MEDICAL TREATMENT<br><br>(Doc. Nos. 11 and 13) |

Plaintiff Shannon Sorrells, a pretrial detainee at Fresno County Jail, is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. No. 4.) Plaintiff declined to consent to magistrate judge jurisdiction over this action for all purposes, and the matter was therefore referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  (Doc. No. 5.)

On February 11, 2016, plaintiff filed an ex parte motion seeking a court order requiring that the Fresno County Jail provide him Oxycodone for his pain.  (Doc. No. 11.)  Therein, plaintiff claims that three doctors have prescribed him pain medication in the form of 30 mg oxycodone IR tablets to alleviate his pain and that his taking of acetaminophen should be avoided due to his liver disease of Hepatitis "C."  (*Id*. at 1–2.)  According to plaintiff, the staff at Corizon Health, the healthcare provider for Fresno County Jail, is providing him with Tylenol #4, instead

1

of the prescribed oxycodone. (*Id.* at 2.)

On February 12, 2016, the assigned magistrate judge filed findings and recommendations recommending that plaintiff's motion for a court order requiring that he be provided Oxycodone for his pain be denied. (Doc. No. 13.) The magistrate judge reasoned that plaintiff's complaint in this action had just been dismissed with leave to amend so there was no actual case or controversy before the court as necessary for the court to have jurisdiction to issue the order sought by plaintiff. (*Id.* at 2.) Additionally, the magistrate judge reasoned that plaintiff had not made the required showing that the prison officials were acting with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (*Id.* at 2–3.) Specifically, the magistrate judge stated "[d]espite Plaintiff's opinions as to what the proper medical treatment is, there is no indication that Plaintiff is in immediate need of the treatment he seeks and is under significant threat of irreparable harm without the medication." (*Id.* at 3.) The findings and recommendations were served on plaintiff and contained notice that objections thereto were to be filed within thirty days. (*Id.*)

Plaintiff filed objections on February 29, 2016. (Doc. No. 16.) Therein, he objected that the medication currently being prescribed to him is not comparable to that listed in his medical records. (*Id.* at 1.) He states that defendants have given him Tylenol #4, which contains acetaminophen that is causing irreparable damage to his liver. (*Id.* at 3.) Plaintiff also objected that he "had to have that particular medication to alleviate his seizures," but that "[d]efendants constantly allow pain medications and seizure and psych medications to lapse." (*Id.* at 2–4.)

On April 6, 2016, plaintiff filed his first amended complaint in this action. (Doc. No. 20.) His first claim in that amended complaint alleges violation of his constitutional right to adequate medical care as a result of his seizure medication being canceled. In addition, plaintiff alleges: "I also have severe trauma to my back for which I take oxycodone in a pure form, without acetaminophen, because I also have Hep. C, a liver disease that acetaminophen does irreparable harm to." (*Id.* at 6.) However, later in his amended complaint plaintiff alleges:

> This response to these grievances also states that I'm currently receiving treatment for Hep. C. This is a lie. Medical records included within, will show that this is a lie, and it isn't even listed

2

>  as an illness I have, nor is there a prescription contained therein for this deadly disease.

(*Id.* at 14.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case.  Because plaintiff has now filed an amended complaint, there is an actual case or controversy before the court now that did not exist when the magistrate judge issued the findings and recommendations.

## **LEGAL STANDARD**

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20); *see also Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates...that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (*quoting Lands Council v. McNair*, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)).[1]

---

[1] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135.

The Local Rules of this court impose additional requirements on parties moving for a temporary restraining order.  First, the court will consider whether the moving party could have sought relief by a noticed motion for a preliminary injunctive at an earlier date without the necessity of seeking last-minute relief by motion for a temporary restraining order.  *See* Local Rule 65-231(b).  Second, the moving party must provide specific documents to the court in support of the requested temporary restraining order.  *See* Local Rule 65-231(c).

Finally, in cases brought by prisoners involving conditions of their confinement, any temporary restraining order or preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm in question. See 18 U.S.C. § 3626(a)(2).

**ANALYSIS**

Because plaintiff's ex parte motion for an order requiring that he receive medical treatment seeks injunctive relief for a period of time longer, it is properly characterized as a motion for preliminary injunction.  *See* FED. R. CIV. P. 65(b)(2) (Temporary restraining orders are generally allowed for no more than 10 days); *see also Voth v. Mills*, Civil No. 09-423-HA, 2009 WL 1159596, at *1 (D. Or. April 27, 2009).  Pursuant to Federal Rule of Civil Procedure 65(a), "[n]o preliminary injunction shall be issued without notice to the adverse party."  Similarly, Federal Rule of Civil Procedure 65(b) prohibits the entry of a temporary restraining order without notice to the adverse party absent a showing of "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."  Plaintiff's ex parte motion for an order requiring that he receive medical treatment includes neither a certificate of service on defendants, nor a showing of the efforts made to give notice and why notice should not be required in this case.  Therefore, it is properly denied.[2]

/////

---

[2] Plaintiff has filed another ex parte motion seeking an order in connection with his medical care by jail officials. (Doc. No. 21.)  The assigned magistrate judge recently issued findings and recommendations recommending that this most recent motion be denied. (Doc. No. 23.)  However, the time for filing objections to those findings and recommendations has not yet run and that motion will therefore not be addressed in this order.

Accordingly, the recommendation (Doc. No. 13) that plaintiff's motion be denied is adopted for the specific reasons set forth above and plaintiff's motion for court ordered medical treatment (Doc. No. 11) is denied.

IT IS SO ORDERED.

Dated:   **July 28, 2016**

_____
UNITED STATES DISTRICT JUDGE