# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SORRELLS, | Case No. 1:16-cv-00081-DAD-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES |
| v. | |
| HORTON, et. al., | |
| Defendants. | [ECF No. 52] |

Plaintiff Shannon Sorrells is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined magistrate judge jurisdiction, and this matter was therefore referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Defendants' motion for summary judgment based on Plaintiff's alleged failure to exhaust the administrative remedies, filed on July 14, 2017.

## I.

## RELEVANT BACKGROUND

This action is proceeding against Defendants Horton and Mehloff for deliberate indifference to a serious medical need in violation of the Fourteenth Amendment.

On March 13, 2017, Defendant Mehloff waived filing an answer.

On March 14, 2017, the Court issued the discovery and scheduling order.

1

On May 23, 2017, Defendant Horton filed an answer to the complaint.

On May 26, 2017, the Court extended the deadline to file an exhaustion motion for summary judgment to July 14, 2017, and extended all other deadlines and provisions to both Defendants.

## II.

## LEGAL STANDARD

### A. Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

///

///

"An inmate is required to exhaust only available remedies." Albino, 747 F.3d at 1171 (citing Booth v. Churner, 532 U.S. 731, 736 (2001)). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" Albino, 747 F.3d at 1171 (quoting Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005)). In Ross v. Blake, the Court set forth the following three examples of when the administrative remedies are not available: (1) the "administrative procedure … operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme … [is] so opaque that it becomes, practically speaking, incapable of use … to that no ordinary prisoner can make sense of what it demands; and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S.Ct. 1850, 1859-60 (2006) (citations omitted). In addition, when an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-1226 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco

///

Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant bears the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A.     Fresno County Exhaustion Statutory Requirement

Fresno County Jail inmate may submit a grievance within 14 calendar days after the event or decision or other condition of confinement they wish to challenge. Porter Decl. ¶ 3(a). Following submission of a grievance, an investigating staff member responds to the grievance. Porter Decl. ¶ 3(b). The inmate may appeal the initial grievance by submitting an "Inmate Grievance Appeal Form" within 5 calendar days after receiving the grievance response. Porter Decl. ¶ 3(c). Once the bureau commander issues a decision on the appeal, the grievance process has been exhausted. Porter Decl. ¶ 3(d).

### B.     Allegations of First Amended Complaint

Plaintiff contends that contrary to the reports and knowledge of Captain Horton and Melhoff, there was a lapse in his seizure medication from July 17, 2015 to July 21, 2015, resulting in a seizure on July 21, 2015.

///

///

///

**C.     Statement of Undisputed Facts**

1.     Plaintiff was incarcerated in the Fresno County Jail when he filed this lawsuit on April 6, 2016. (Compl. at p. 1, ECF No. 1; App. Application Proceed In Forma Pauperis, at p. 1, ECF No. 2.)

2.     Plaintiff's sole claim is a Fourteenth Amendment claim of deliberate indifference against Defendants Horton and Melhoff based on allegations that there was a lapse in Plaintiff's seizure medication from July 17, 2015 to July 21, 2015, resulting in a seizure on July 21, 2015. (Order, ECF No. 22 at 4:24-26, 5:1-5, 7:16-18); Order Adopting Findings and Recommendations (ECF No. 33 at 2:19-23.)

3.     Fresno County Jail inmates like Plaintiff had during 2015 an administrative review process available to them pursuant to which they could submit a grievance within 14 calendar days of the event, decision, or incident they wished to grieve. (1st Amd. Compl. at p. 4; Porter Decl., ¶¶ 4-5.)

**D.     Findings on Defendants' Motion**

As an initial matter, Plaintiff admits that an administrative remedy process exists at Fresno County Jail based on his contention that he grieved all of the facts set forth in the complaint.

Defendants submit evidence that during July-August 2015, Plaintiff submitted five separate grievances. (Porter Decl., ¶ 6.) However, Defendants argue that none of the grievances presented challenged the fact that Nurse Mehloff and Captain Horton were responsible for a lapse in his medication from July 17, 2015 to July 21, 2015, which resulted in a seizure on July 21, 2015. (Porter Decl., ¶ 6.)

In opposition, Plaintiff argues that the exhibits attached to his complaint clearly demonstrate that he exhausted the administrative remedies by filing several grievances relating to the denial of adequate medical treatment. Plaintiff also seeks a stay of the action in order to pursue an attorney to assist him with this case.

Lieutenant Porter declares that he had "conducted a search of grievances by [Plaintiff]. During July-August 2015, he submitted five grievances – on July 17 and August 6, 11, 24, and 30. He did not allege in any of those grievances that he experienced a seizure on July 21, 2015 due to a lack of seizure medications during July 17-21, 2015. He also did not properly exhaust the administrative

review process with respect to his August 30 grievance because he did not appeal the denial of that grievance." (Porter Decl. ¶ 6.) Notwithstanding Lieutenant Porter's declaration, Defendants submit no documentation of any inmate grievances filed by Plaintiff.

In his first amended complaint, Plaintiff contends that the reports by Defendants Melhoff and Horton "reflect that from 07/23/15 to 07/29/15 there was a lapse" in medication which is a lie because the lapse was from 07/17/15 to 07/21/15, which resulted in a seizure and fall on 07/21/15. (1st Amd. Compl. at 13.) In his opposition, Plaintiff references several inmate grievances attached as exhibits to his first amended complaint and argues that he has exhausted the administrative remedies. In his opposition, Plaintiff submits that the original inmate grievances were submitted for review but not returned to him. (Opp'n at 2; ECF No. 53.)

The exhaustion requirement was enacted "to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter, 534 U.S. at 524-25; Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014); McKinney v. Carey, 311 F.3d 1198, 1200-1201 (9th Cir. 2002) (per curiam). Thus, "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin, 557 F.3d at 1120; see also Jones, 549 U.S. at 219 (promotion of early notice to those who might later be sued not thought to be one of the leading purposes of exhaustion requirement) (citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004)). Thus, to satisfy the PLRA exhaustion requirement, a prisoner's grievance must "alert[] the prison to the nature of the wrong … and provide sufficient information to allow prison officials to take appropriate responsive measures. Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016) (citation and internal quotation omitted).

Here, on October 9, 2015, Defendant Captain J. Horton responded to grievance appeal numbers 2015080221, 2015080063, and 201509125, which sustained in part the grievances based on the following reasoning, in pertinent part:

///
///
///

> Your grievance is sustained in part and not sustained in part. I have reviewed your medical file with H. Mehloff, SRN of Corizon Health.
>
> On 7/2/15 you were prescribed Tylenol #3 by PA C. Horton (you have spondylosis). On 7/22/15 you were prescribed Tylenol #4 for an additional 15 days. On 7/23/15 you were prescribed Gabapentin by Dr. Eldridge.
>
> Your Gabapentin lapsed from July 23-29th, 2015 (6 day lapse). The reason for the lapse was due to an approval process for shipment of the medication. This issue was rectified and should not affect you/another inmate again according to Corizon Health. The lapse in medication did not have any serious medical outcomes according to the review by H. Mehlhoff, SRN.
>
> You were seen on 7/22/15 by a doctor and again on 7/23/15 by a doctor on the second floor infirmary. You were seen on 8/17/15 at sick call by a RN. Pain medication and epileptic medication can be one medication for both (dual purpose). You can be further education on this issue via your next appointment/schedule with the nurse and/or doctor.
>
> I inquired with Corizon Health as to a possible neurology appointment/referral as you indicated that Dr. Eldridge indicated that he was going to refer you. We could find no record of the referral and I have asked that it be reviewed by the medical director for his opinion (Dr. Rounds). You should be seen next week (week of 10/12/15).
>
> The reason for the delay in the appeals was due to multiple issues associated to my duties. I have been working through some of your grievances during this time period as time allows. I will strive to get you/others a better turnaround of your grievance appeals. Your appeals are emailed to medical as well when we receive them so they can also start to address/view them as they come in. . . .

(1st Amd. Compl. at 62.)

By the response to grievance appeal numbers 2015080221, 2015080063, and 201509125, Defendant Horton clearly acknowledged that there was a lapse in Plaintiff's prescription for Gabapentin from July 23-29, 2015 (6 days), due to an approval process for shipment of the medication. (1st Amd. Compl. at 62.) Although the dates do not reflect the lapse in medication from July 17-21, 2015, Plaintiff submits that the time frame reflected in the response is incorrect. (1st Amd. Compl. at 13.) Accordingly, based on the response to grievance appeal numbers 2015080221, 2015080063, and 201509125, Defendants cannot argue that the facility was not on notice of Plaintiff's claim that there was a lapse in his medication which led to medical injury. While the response noted that the lapse in medication did not have any serious medical outcomes according to the review by Defendant H. Mehlhoff- that is the issue to be determined on the merits in this case. Indeed, the

7

purportedly contradictory facts contained in appeal response are Defendants' own reports of events, and those "facts" cannot provide a basis for disregarding Plaintiff's allegations because they are contested as opposed to "established." Sumner Peck Ranch, Inc. v. Bureau of Reclamation, 823 F.Supp. 715, 720 (E.D.Cal. 1993). Therefore, Defendants' motion for summary judgment for failure to exhaust the administrative remedies should be denied.

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust the administrative remedies be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 13, 2017**

UNITED STATES MAGISTRATE JUDGE