1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| SHANNON SORRELLS, | No. 1:16-cv-00081-DAD-SAB (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES |
| HORTON, et al., | |
| Defendants. | |
| | (Doc. Nos. 52, 56) |

Plaintiff Shannon Sorrells is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 14, 2017, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment due to plaintiff's failure to exhaust administrative remedies prior to filing suit be denied. (Doc. No. 56.) The findings and recommendations were served on the parties and contained notice that objections thereto were to be filed within thirty days.

Defendants filed objections to the findings and recommendations on November 22, 2017. (Doc. No. 57.) Defendants argue that the October 9, 2015 response by defendant Horton to plaintiff's inmate grievance appeal, which references a July 23–29 lapse in plaintiff's gabapentin

1

medication, amounts to mere speculation that plaintiff grieved the issue in an initial inmate grievance or in an inmate appeal from the denial of an earlier filed inmate grievance. (*Id.* at 5.) The court disagrees. The inmate grievance appeal response at issue here noted a six-day lapse in plaintiff's medication, explains that the lapse was due to the shipment approval process, and that the issue "was rectified and should not affect you/another inmate again according to Corizon Health." (Doc. No. 20 at 62.) This response is sufficient, if not to establish that plaintiff properly grieved the lapse in being provided medication, to at least create a factual dispute as to whether plaintiff properly grieved the lapse in being provided that medication.

Defendants next object that even if the evidence suggests that plaintiff referenced a lapse in receiving the gabapentin in an inmate grievance or appeal, no evidence suggests that plaintiff complied with various procedural requirements of the jail's administrative review process, including, submission of a grievance within 14 days of the underlying incident, specification of the date, time, and location of the underlying incident, and identification of the name of the employee involved. (Doc. No. 57 at 5–6.) The Ninth Circuit has held, however, that the exhaustion requirement is satisfied "if prison officials decide a potentially procedurally flawed grievance on the merits." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016). When such is the case, "the purposes of the PLRA exhaustion requirement have been fully served: prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed." *Id.* at 658. The purported lack of evidence demonstrating compliance with the jail's procedural requirements is therefore insufficient to demonstrate that plaintiff failed to exhaust available administrative remedies.

Finally, defendants object that even if defendant Horton's inmate appeal response is construed as an administrative decision on the merits of plaintiff's inmate grievance, no evidence suggests that a decision on the merits was rendered at *each* available step of the jail's administrative review process—that is, in both an inmate grievance response and an inmate grievance appeal response. (Doc. No. 57 at 6.) Defendants rely on the decision in *Reyes*, which held that a prisoner exhausts the administrative remedies, despite failing to comply with a procedural rule, if prison officials "ignore the procedural problem and render a decision on the

2

merits of the grievance at each available step of the administrative process." 810 F.3d at 658. Plaintiff's first amended complaint attached an inmate grievance appeal response, the second and highest level of the jail's administrative review process, which appears to have addressed the lapse in the providing of plaintiff's gabapentin on the merits. It is reasonable to infer from this document that a decision on the merits in favor of plaintiff was rendered at the first, lowest level of administrative review.

In any event, the alleged failure by a plaintiff to exhaust administrative remedies is an affirmative defense that defendants bear the burden of proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). In support of their motion for summary judgment, defendants attached a declaration by Lieutenant Michael Porter, who declares that he conducted a search of the inmate grievances filed by plaintiff, and that none of those inmate grievances alleged that plaintiff suffered a seizure on July 21, 2015 due to a lack of seizure medication. (Doc. No. 52-2 at ¶ 6.) Yet defendants conspicuously chose not to submit any of plaintiff's inmate grievances or responses thereto in support of their motion. Because defendants have not met their burden of proving that plaintiff failed to exhaust the available administrative remedies, and because the court must draw "all reasonable inferences supported by the evidence in favor of the non-moving party," *Walls v. Cent. Contra Costa Cty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011), the defendants' motion for summary judgment is properly denied as recommended by the magistrate judge.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendants' objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued November 14, 2017 (Doc. No. 56) are adopted in full;
2. Defendants' motion for summary judgment for failure to exhaust the administrative remedies (Doc. No. 52) is denied; and

3

3. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **March 22, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE