**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANNON SORRELLS, | Case No. 1:16-cv-00081-DAD-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |
| HORTON, | |
| Defendants. | [ECF No. 58] |

Plaintiff Shannon Sorrells is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for judgment on the pleadings, filed November 30, 2017.

**I.**

**BACKGROUND**

This action is proceeding against Defendants Horton and Mehlhoff for deliberate indifference to a serious medical need in violation of the Fourteenth Amendment.

On March 13, 2017, Defendant Mehlhoff waived filing an answer.

On March 14, 2017, the Court issued the discovery and scheduling order.

On May 23, 2017, Defendant Horton filed an answer to the complaint.

On May 26, 2017, the Court extended the deadline to file an exhaustion motion for summary judgment to July 14, 2017, and extended all other deadlines and provisions to both Defendants.

On July 14, 2017, Defendants filed an exhaustion-related motion for summary judgment. Plaintiff filed an opposition on July 31, 2017, and Defendants filed a reply on August 1, 2017.

On November 14, 2017, the undersigned issued Findings and Recommendations recommending that Defendants' exhaustion-related motion for summary judgment be denied.

On November 30, 2017, Defendants filed a motion for judgment on the pleadings. Plaintiff did not file an opposition.

The November 14, 2017 Findings and Recommendations were adopted in full on March 23, 2018, and Defendants' exhaustion-related motion for summary judgment was denied.

## II.

## DISCUSSION

### A. Legal Standard

A Rule 12(c) motion for judgment on the pleadings may be brought at any time after the pleadings are closed, but within such time so as not to delay trial. Fed. R. Civ. P. 12(c). The standard for assessing a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion to dismiss. Enron Oil Trading & Trans. Co. v. Wallbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir. 1997). In considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff. Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924, 928 (9th Cir. 1994). Judgment on the pleadings is appropriate when, even if all material facts in the pleading are accepted as true, the moving party is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

### B. Allegations of First Amended Complaint

Plaintiff contends that contrary to the reports and knowledge of Captain Horton and Mehlhoff, there was a lapse in his seizure medication from July 17-21, 2015, resulting in a seizure on July 21, 2015.

On October 9, 2015, Captain Horton wrote in response to several of Plaintiff's grievances that Plaintiff's Gabapentin medication had lapsed during July 23-29, 2015. Plaintiff contends that Captain Horton "is very aware of the facts that my medications have been allowed to stop and jeopardize my safety and well[-]being." (1st Amd. Compl. at 13.)[1]

**C.     Defendants' Motion**

Defendants argue that Plaintiff has not offered factual allegations plausibly stating the requisite elements of a deliberate indifference claim. Defendants specifically argue that Plaintiff has failed to present factual allegations to demonstrate that: (1) they perceived any seizure medication-related excessive risk to Plaintiff's purported July 21 seizure; (2) they disregarded any such purported risk; (3) they owed a duty to ameliorate any such purported risk; and/or (4) caused (or event could have prevented) the alleged harm. (Defs.' Mot. J. on the Pleading at 4:6-12, ECF No. 58.)

Since the screening of Plaintiff's complaint in 2016, the Ninth Circuit Court of Appeals issued Castro v. County of Los Angeles, 833 F.3d 1060, on August 15, 2016 which held that an objective rather than a subjective standard of review applies to certain claims raised by a pretrial detainee.

"[P]re-adjudication detainees retain greater liberty protections than convicted ones." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-536 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-1018 (9th Cir. 2010). It is the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, which governs pretrial detainees. Castro v. County of Log Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016).

However, the exact standard to be applied under the Fourteenth Amendment is somewhat unclear at the present time. See, e.g., Ninth Circuit Model Jury Instruction 9.30 ("It is unclear, however, the extent to which Castro require modification of Instruction 9.27 [Particular Rights–Eighth Amendment-Convicted Prisoner's Claim re Conditions of Confinement/Medical Care] when applied in the context of a pretrial detainee's similar claim under the Fourteenth Amendment.")

---

[1] References herein to page numbers are to the Court's ECF pagination headers.

Previously, such claims were analyzed under the same state of mind requirement for an Eighth Amendment violation—subjective and deliberate indifference to a substantial risk of serious harm. See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1241 (9th Cir. 2010). Under the Eighth Amendment, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122.

However, in Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015), the Supreme Court held that in the context of a claim for excessive force that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable. The Ninth Circuit extended the holding in Kingsley to a claim for failure to protect brought by a pretrial detainee. Castro v. County of Los Angeles, 833 F.3d at 1069-71. The Ninth Circuit Court of Appeals has not yet addressed whether the Kingsley objective standard applies to a medical care involving a pretrial detainee. See, e.g., Banks v. Castillo, No. 2:13-cv-00324-RCJ-PAL, 2017 WL 784643, at *1 (9th Cir. Mar. 1, 2017 (unpublished decision) (summary judgment was proper on a pretrial detainee's claim of deliberate indifference to medical needs "under any potentially applicable standard," citing Castro and earlier cases using subjective standard). The Eighth Circuit has likewise declined to address the issue. See Ryan v. Armstrong, 850 F.3d 419, 425 n.3 (8th Cir. Mar. 7, 2017) (citing Castro and declining to decide whether deliberate indifference test is now objective in light of Kingsley because the issue was dispositive). The Second and Fifth Circuit courts have reached different opinions. See, e.g., Dranell v. Pineiro, 849 F.3d 17, 35 n.14 (2d Cir. Feb. 21, 2017) (citing Castro and holding that objective test for deliberate indifference applies to pretrial detainees' claims regarding conditions of confinement,

4

such as overcrowding, sanitation problems, and inadequate nutrition); Alderson v. Concordia Parish Corr. Facility, 848 F.3d 415, 421-423 (5th Cir. 2017) (relying on prior Fifth Circuit precedent and applying a subjective standard for pretrial detainee's claim of deliberate indifference to medical needs).

Pro se litigants are not held to the same standards as attorneys. Haines v. Kerner, 404 U.S. 519, 521 (1972). Pleadings by pro se litigants, regardless of deficiencies, should only be judged by function, not form. Id. However, although the Court must construe pro se pleadings liberally, "pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

In the October 9, 2015 response to Plaintiff's grievances, Defendant Captain J. Horton stated in pertinent part:

> Your grievance is sustained in part and not sustained in part. I reviewed your medical file with H. Mehlhoff, SRN of Corizon Health.
>
> On 7/2/15 you were prescribed Tylenol #3 by PA C. Horton (you have spondylosis). On 7/22/15 you were prescribed Tylenol #4 for an additional 15 days. On 7/23/15 you were prescribed Gabapentin by Dr. Eldridge.
>
> Your Gabapentin lapsed from July 23-29th, 2015 (6 day lapse). The reason for the lapse was due to an approval process for shipment of the medication. This issue was rectified and should not affect you/another inmate against according to Corizon Health. The lapse in medication did not have any serious medical outcomes according to review by H. Mehlhoff, SRN.
>
> You were seen on 7/22/15 by a doctor and again on 7/23/15 by a doctor on the second floor infirmary. You were seen on 8/17/15 at sick call by a RN. Pain medication and epileptic medication can be one medication for both (dual purpose). You can be further educated on this issue via your next appointment/schedule with the nurse and/or doctor.

(1st Amd. Compl. at 62.)

It is apparent from the medical exhibits attached to Plaintiff's amended complaint that he suffers from various medical conditions, including Hepatitis C, chronic back pain, and seizure disorder. The Court finds that allegations presented in the first amended complaint coupled with the October 9, 2015 grievance response sufficiently set forth Plaintiff's claim for relief against Defendants. While Plaintiff's allegations are brief, they are sufficient to give rise to a cognizable claim for relief and withstand judgment on the pleadings as a matter of law, and give fair notice … to

enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Based on the allegations in the first amended complaint, and the information set forth in the grievance response, Plaintiff has alleged sufficient facts to demonstrate that Defendants J. Horton and H. Mehlhoff knew of and disregarded an excessive risk to Plaintiff's serious medical needs by allowing and/or falsifying that his seizure medication lapsed on July 17-21, 2015, which resulted in a seizure on July 21, 2015. Plaintiff's allegations demonstrate that both Horton and Mehlhoff were responsible in some respect for the medical treatment and review of such treatment in July 2015. Whether or not Plaintiff will be able to sufficiently support his claims in order to prevail in this action is not presently before the Court. However, because the allegations are sufficient to give rise to a claim for relief against Defendants J. Horton and H. Mehlhoff, Defendants' motion for judgment on the pleadings should be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for judgment on the pleadings be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 2, 2018**

UNITED STATES MAGISTRATE JUDGE