UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SORRELLS,<br><br>    Plaintiff,<br><br>v.<br><br>HORTON, et al.,<br><br>    Defendants. | No. 1:16-cv-00081-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 58, 66, 67) |

Plaintiff Shannon Sorrells is appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 30, 2017, defendants moved for judgment on the pleadings. (Doc. No. 58.) On May 2, 2018, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion be denied. (Doc No. 66.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days after service. (*Id.*) Defendants filed objections that same day. (Doc. No. 67.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendants'

/////

1

objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In their objections, defendants contend that the findings and recommendations erroneously assumed allegations that were not contained in the complaint. *See Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) ("[A] liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled.") (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)). Specifically, defendants argue that plaintiff's complaint contains no allegations suggesting that defendants should have been aware of the risk that plaintiff would suffer a seizure as a result of his failing to receive anti-seizure medication from July 17, 2015 until July 21, 2015. As noted in the findings and recommendations, defendants Horton and Mehlhoff responded to plaintiff's administrative grievance regarding the alleged failure to properly treat his seizures. (Doc. No. 66 at 5.) The assigned magistrate judge inferred, based upon this response, that both defendants were therefore responsible for plaintiff's medical treatment and should have been on notice of any potential harm resulting from a failure to provide plaintiff with his medication. (*Id.* at 6) ("Plaintiff's allegations demonstrate that both Horton and Mehlhoff were responsible in some respect for the medical treatment and review of such treatment in July 2015."). The undersigned finds no error with this analysis.

Accordingly,

1. The findings and recommendations issued May 2, 2018 (Doc. No. 66) are adopted in full;
2. Defendants' motion for judgment on the pleadings (Doc. No. 58) is denied; and
3. Defendants are directed to file a dispositive motion within ninety (90) days from the date of service of this order. (*See* Doc. No. 60.)

IT IS SO ORDERED.

Dated: **July 24, 2018**

UNITED STATES DISTRICT JUDGE

2