**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANNON SORRELLS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HORTON,<br><br>　　　　Defendants. | Case No. 1:16-cv-00081-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED, AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED AS RENDERED MOOT<br><br>[ECF Nos. 69, 70] |

Plaintiff Shannon Sorrells is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss, filed October 3, 2018.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding against Defendants Horton and Mehlhoff for deliberate indifference to a serious medical need in violation of the Fourteenth Amendment.

On March 13, 2017, Defendant Mehlhoff waived filing an answer. On March 14, 2017, the Court issued the discovery and scheduling order. On May 23, 2017, Defendant Horton filed an answer to the complaint. On May 26, 2017, the Court extended the deadline to file an exhaustion motion for summary judgment to July 14, 2017, and extended all other deadlines and provisions to both Defendants.

On July 14, 2017, Defendants filed an exhaustion-related motion for summary judgment. Plaintiff filed an opposition on July 31, 2017, and Defendants filed a reply on August 1, 2017.

On November 14, 2017, the undersigned issued Findings and Recommendations recommending that Defendants' exhaustion-related motion for summary judgment be denied. The Findings and Recommendations were adopted in full on March 23, 2018, and Defendants' exhaustion-related motion for summary judgment was denied

On November 30, 2017, Defendants filed a motion for judgment on the pleadings. Plaintiff did not file an opposition. On May 2, 2018, the undersigned issued Findings and Recommendations recommending that Defendants' motion for judgment on the pleadings be denied. The Findings and Recommendations were adopted in full on July 24, 2018.

As previously stated, on October 3, 2018, Defendants filed a motion to dismiss the action for Plaintiff's failure to prosecute. Plaintiff did not file an opposition and the time to do has expired. Local Rule 230(l).

## II.

## DISCUSSION

At the time this action was filed, Plaintiff was incarcerated the Fresno County Jail. Plaintiff's most recent address of record is Dismas Charities, Inc. 100 Tishomingo Street, Tupelo, MS. 38804, and Plaintiff was scheduled to be released on April 18, 2018. (See ECF No. 63.)

On May 22, 2018, the Court received a returned order that was issued on May 2, 2018. The sixty-three (63) day period for notice of change of address has now expired, and Plaintiff has not filed a notice of change of address or otherwise notified the Court.

Pursuant to Local Rule 182(f), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Plaintiff was advised of this rule in the Court's First Informational Order. (ECF No. 4.) Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

///

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Prods. Liab. Lit., 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail. Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available. See Carey, 856 F.2d at 1441.

## III.
## RECOMMENDATIONS

Based on the foregoing, it is hereby RECOMMENDED that:

1. This action be DISMISSED, without prejudice, based on Plaintiff's failure to prosecute; and

2. Defendants' motion for summary judgment, filed on October 22, 2018, be denied as moot.

///
///
///
///
///
///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 25, 2018**

UNITED STATES MAGISTRATE JUDGE